IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

EUGENE C. SUMMERS,

    *Plaintiff,*

v.

UNION PACIFIC RAILWAY
COMPANY,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 4:25-cv-01872-JMD

## ORDER DENYING MOTION TO DISMISS

Union Pacific opposes Summers's first amendment of his complaint and moves to dismiss the case.  But the Court had ordered an amendment, and the amended complaint pleads sufficient facts to survive Union Pacific's motion.  The amendment is granted and the motion to dismiss is denied.

## Factual Background

At the motion to dismiss stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the nonmovant's favor.  *Healy v. Fox*, 46 F.4th 739, 743 (8th Cir. 2022).  According to the complaint, Summers is a truck driver for Union Pacific.  On July 25, 2023, Summers's manager motioned for him to approach.  When he did, the manager cursed at him, threatened to kill him, and said that he did not "like your f****** kind." ECF 16 ¶ 7–10.  This manager had a history of threatening, bullying, and discriminating against black employees.  *Id.* ¶ 6.

Encountering the manager a few days later, Summers called the police in fear.  *Id.* ¶ 14.  Summers reported the incident to Union Pacific, which investigated but took no employment action against the manager.  *Id.* ¶ 13, 20.  Shortly after this incident, the foremen in Summers's work group (under the same manager) began a campaign of

1

mistreatment and a barrage of insults directed toward him. *Id.* ¶ 16–17. Summers reports severe emotional upset and mental anguish from being in fear for his life while having to continue working under the direction of the manager. *Id.* ¶ 24. He received treatment from a psychologist and therapist. *Id.* ¶ 25. A few months later, Summers chose to bid into a less secure work group to avoid the manager. *Id.* ¶ 19.

### Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).

The Court accepts all plausible factual allegations contained in the complaint as true at this stage, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief, *id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The Court may properly set aside "legal conclusions" or "formulaic recitation[s] of the elements of a cause of action," *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted), as well as "naked assertions devoid of further factual enhancement." *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (cleaned up).

## Analysis

Union Pacific asserts that the amended complaint fails to comply with the Federal Rules of Civil Procedure or the Court's Local Rules and fails to state a claim. ECF 17 at 2. The procedural grounds are insufficient cause to deny this amendment. And the first amended complaint sufficiently states a claim.

## I.

Summers' complaint does not comply with the Court's local rules, but that is insufficient reason here to deny the amendment. At the Court's invitation, ECF 15, Summers filed an amended complaint. Under this Court's local rules, Summers should have included a copy underlining new material and striking through removed material. *See* E.D. Mo. L.R. 4.07. But a "district court has considerable leeway in the application of its local rules," *Silberstein v. IRS*, 16 F.3d 858, 860 (8th Cir. 1994), and the Court finds this noncompliance to be an insufficient basis to deny this pleading.

Union Pacific argues that Summers should not be allowed to change tactics after choosing to "stand on his pleadings" by opposing the earlier motion to dismiss instead of amending his complaint in response. ECF 17 at 2. But the cases cited are all distinguishable. For example, in *Gomez v. Wells Fargo Bank, N.A.*, the Eighth Circuit held that the district court did not abuse its discretion "in dismissing [] claims with prejudice rather than sua sponte allowing the [plaintiffs] leave to amend the complaint a third time." 676 F.3d 655, 665 (8th Cir. 2012). Not only is this Summers's first amendment, but the Court invited it. *Ash v. Anderson Merch., LLC* upholds a district court's decision to deny leave to amend, but stresses that "[t]here can be little doubt that it would have been within the district court's discretion to grant" the request. 799 F.3d 957, 963 (8th Cir. 2015). Neither case prohibits the Court from permitting amendment here.

The Court invited this amendment in a hearing and in a docket order. And there is no indication of "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557 (8th Cir. 2006) (citation omitted). Because the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Summers's first amended complaint is permitted.

## II.

Although the Eighth Circuit sets a "high bar" for hostile work environment claims, Summers pleads enough to clear it. *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 538 (8th Cir. 2020). Summers had to plead that he (1) belongs to a protected group; (2) he was subjected to unwelcome racial harassment; (3) the harassment was because of his race; and (4) the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of his employment. *Ellis v. Houston*, 742 F.3d 307, 319 (8th Cir. 2014). He alleged that as an African American, he was subjected to a death threat from his manager because of his race. ECF 16 ¶¶ 1, 10–11. These allegations satisfy the first three elements.

The only question, then, is whether the harassment was sufficiently severe or pervasive. *Carter v. Chrysler Corp.*, 173 F.3d 693, 701 (8th Cir. 1999). This element "contains both objective and subjective components." *Ellis*, 742 F.3d at 319. Summers certainly "subjectively perceived the harassment as severe." *Id.* He alleges that he called the police in fear when he encountered the manager a few days after the incident, and that the incident caused him severe emotional anguish requiring mental health treatment. ECF 16 ¶¶ 14, 25. But the evidence must also "objectively show that a reasonable person would find the environment hostile or abusive." *Id.* (cleaned up). Conduct that is frequent, severe, physically threatening, unreasonably interferes with the employee's work performance,

4

physically proximate, in front of other people, and committed by an immediate supervisor is more likely to satisfy this standard. *Id.* at 319–20.

An isolated incident can meet this standard if sufficiently severe. "[T]here may be circumstances under which a single incident creates a hostile work environment in violation of Title VII." *Willis v. Henderson*, 262 F.3d 801, 809 n.4 (8th Cir. 2001); *see also Moring v. Ark. Dep't of Corr.*, 243 F.3d 452, 456 (8th Cir. 2001) (holding that there was sufficient evidence to support a reasonable jury's finding that an isolated incident of sexual harassment by a supervisor created a hostile or abusive work environment and noting that "we are unaware of any rule of law holding that a single incident can never be sufficiently severe to be hostile-work-environment . . . harassment.").

Summers received a death threat. That is plainly severe. Although the threat was communicated just once and outside the presence of others, the balance of factors allows this claim to survive at this early litigation stage. The harassment threatened Summers physically, a death threat would interfere with the work performance of any reasonable person, the threat occurred in physical proximity, and the manager was Summers's immediate supervisor.

### Conclusion

A racist death threat communicated by an immediate supervisor may satisfy a claim for hostile work environment. Summers alleges facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Union Pacific's motion to dismiss fails.  The Court **DENIES** Union Pacific's motion to dismiss, ECF 8, and **GRANTS** Summer's motion for leave to amend his complaint, ECF 18.

Dated this 8th day of June, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

6